**IN THE UNITED STATE DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION**

RECEIVED
2015 JAN 22 A 11: 24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**JOHN LONG, an individual**

**Plaintiff,**

**v.**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

**Defendant.**

**CASE NUMBER:**
3:15-CV-00049-WKW-SRW

**JURY DEMANDED BY PLAINTIFF**

**COMPLAINT**

**COMES NOW** John Long, (hereinafter "Plaintiff"), by and through his undersigned counsel, and states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collections practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title **to eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

3. Plaintiff is a natural person whose principal residence is Auburn, Alabama, located within the Middle District of Alabama.

4. Defendant Portfolio Recovery Associates, LLC (hereinafter individually "Portfolio", or "Defendant"), is an incorporated debt collection entity that engages in the business of debt collection, and who conducts business in the State of Alabama.

## FACTUAL ALLEGATIONS

5. Plaintiff allegedly incurred a financial obligation to First Bank of Delaware that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6. Based on information and belief, at some date prior to March 21, 2013, First Bank of Delaware sold its debt to Midland Funding, LLC.

7. On or about March 21, 2013, the State District Court of Alabama ruled in favor of the Plaintiff that he was not liable for the debt. (See Exhibit "A").

8. The Plaintiff has no other actual or alleged credit card debt.

9. Based on information and belief, on a date between March 21, 2013 and June 3, 2014, Midland Funding, LLC sold its debt or turned its debt over to Portfolio.

10. On or about June 3, 2014, Portfolio sent a collection letter on the above referenced alleged debt. This letter violated the FDCPA by attempting to collect on a debt the Plaintiff does not owe. (See Exhibit "B").

11. Plaintiff does not owe any money to the Defendant.

12. The Defendant has decided, in a calculated decision, to continue to collect against Plaintiff on a debt Plaintiff does not owe.

13. The purpose of the Defendant in continuing to collect against Plaintiff is to harass, annoy, abuse, or oppress Plaintiff.

14. The Defendant has been successful as their actions have annoyed, harassed, abused, and/or oppressed Plaintiff.

15. The Defendant has damaged the Plaintiff's credit by falsely reporting that he still owes the debt on his credit report. The Plaintiff has suffered damage to his credit.

16. The Defendant has failed to give Plaintiff all required notices and disclosures.

17. Portfolio is a debt collector under 15 U.S.C. § 1692a(6).

**SUMMARY**

18. All the above-described collection communications made to Plaintiff by Portfolio and collection agents of Portfolio were made in violation of the FDCPA.

19. Portfolio has violated numerous sections of the FDCPA, including, but not limited to: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g.

20. The above detailed conduct by the Portfolio of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

21. The above detailed conduct by Portfolio reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof that the Defendant willfully, maliciously, recklessly, and/or negligently undertook its actions and it was successful in causing the harm to the Plaintiff that the Defendant wanted to cause.

22. The collection activities by Portfolio and its agents caused Plaintiff stress and anguish.

23. Portfolio's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

24. Plaintiff has suffered actual damages as result of these illegal collection communications by the Defendant in the form of monetary loss, anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of the Defendant.

25. The only way that abusive debt collectors like Portfolio will stop their abusive practices toward consumers is by a jury verdict fully compensating Plaintiff for the harm done to him and by a punitive damage award.

26. A punitive damage award will get the attention of Portfolio and other abusive debt collectors so that they will realize that it no longer makes economic sense to abuse consumers and to gain unfair competitive advantage over honorable, law abiding collectors.

27. A full compensatory damage award and full punitive damage award will accomplish the goals of Congress in passing FDCPA – stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

## RESPONDEAT SUPERIOR LIABILITY

28. The acts and omissions of the Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with the principals the Defendant.

29. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by the Defendant in collecting consumer debts.

30. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit the principals the Defendant.

31. The Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

32. The Defendant negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The acts and omissions of Portfolio and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff including but not limited to the following: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

35. As a result of Portfolio's violations of the FDCPA, Plaintiff is entitled to statutory damages; actual and compensatory damages; and reasonable attorney's fees, expenses and costs from the Defendant.

### COUNT II.

### INVASION OF PRIVACY

36. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated therein.

37. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and the Defendant violated Alabama state law as described in this Complaint.

38. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instabilities, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

39. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

40. The Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

41. The Defendant and/or its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

42. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

43. The conduct of the Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

44. The conduct of the Defendant went beyond the bounds of reasonableness in the collection of the alleged debt for all the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

45. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

46. All acts of the Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such the Defendant is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

47. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

48. The Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

49. Had the Defendant hired competent debt collectors, the violations described in this Complaint would not have occurred.

50. Had the Defendant properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred

51. The Defendant carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

52. The Defendant knew that the actions they were taking against the Plaintiff would likely cause the exact type of injuries and damages that Plaintiff suffered at the hands of the Defendant.

53. The Plaintiff request actual damages and punitive damages for the negligent and/or wanton supervision of incompetent debt collectors.

## COUNT IV.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

54. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

55. The Defendant owes a duty to anyone they come into contact with to act reasonably so as to not unreasonably cause harm.

56. The Defendant owes a duty to consumers against whom they are collecting to act reasonably.

57. All of the actions described in this Complaint demonstrate that the Defendant did not act reasonably towards the Plaintiff.

58. The Defendant proximately caused injuries and damages to Plaintiff which were of the precise nature that the Defendant anticipated causing when they breached their duty to act reasonably.

59. The Defendant knew, or should have known, that their conduct was likely to lead to the Plaintiff's injuries yet they acted despite this knowledge.

60. The Defendant acted with full knowledge and with the design and intent to cause harm to Plaintiff.

61. The Defendant was successful in their design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of the Defendant when dealing with consumers who do not pay debts that the Defendant allege are owed.

62. The Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

63. The Defendant violated all of the duties the Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

64. It was foreseeable, and the Defendant did in fact foresee that its actions would lead and did lead to the exact type of harm suffered by Plaintiff.

65. The Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

66. The Defendant invaded the privacy of Plaintiff as set forth in Alabama law.

67. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this Complaint.

68. As a result of this conduct, action, and inaction of the Defendant, the Plaintiff has suffered damage as set forth in this Complaint, and is entitled to actual and punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against all Defendant for all damages allowable (including statutory, actual, compensatory, injunctive, nominal and punitive), costs, expenses, fees, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Done this the 20th day of January, 2015.

/s/ Charles M. Ingrum, Jr.

Charles M. Ingrum, Jr. (ING-028)
Attorney for the Plaintiff
P.O. Box 229
Opelika, AL 36803
(334) 745-3333
FAX (334) 745-3155
cmi2@irplaw.com